UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,   CASE:. 9:24-cr-80103-AMC-1
    Plaintiff,

V.

DUSTIN SEAN MCCABE
    Defendant.

_____/

## REPLY TO THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO SEVER AND INCORPARATED MEMORANDUM OF LAW

**COMES NOW**, Defendant Dustin Sean McCabe, and files this Reply to the Government's Response to the Defendant's Motion to Sever the charges contained in the indictment. This Reply is based on the Indictment, the Federal Rules of Criminal Procedure, the records and files in this case, and upon such other and further points and authorities as the interests of justice requires.

1. Mr. McCabe is charged in a three-count indictment:

    a. <u>COUNT 1</u>-   Seaman's Manslaughter (18 USC 1115)

    b. <u>COUNT 2</u> –   False Statement within the Jurisdiction of an agency of the United States (18 USC 1001(a)(2) and;

    c. <u>COUNT 3 – 5</u> Wire Fraud (18 USC 1343)

2. The counts of manslaughter, false statements, and financial fraud pertain to entirely distinct and unrelated victims.

3. The allegation that Mr. McCabe knowingly submitted fictitious fraudulent representations to various banks and agencies regarding financial matters, such as loans, has no logical relevance to the charge of Seaman's Manslaughter.

4. Informing the jury of Mr. McCabe's involvement in four additional fraud-related offenses, alongside the charge of Seaman's Manslaughter, would likely have a considerable prejudicial impact and disclosing to the jury that Mr. McCabe financially benefited from the government following the death of M.C.G.F would almost certainly impede his ability to receive a fair trial.

## **MEMORADUM OF LAW**

In United States v. Booker, 334 F.3d 406, 415 (5th Cir. 2003) the Court ruled that the initial determination of whether joinder of charges is improper under Rule 8 of the Federal Rules of Criminal Procedure is judged according to the allegations in the superseding indictment. *See United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988).

Specifically, Rule 8(a) provides that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. *United States v. Butler*, No. 04-10364 (Fed. 5th Cir. 10/24/2005), No. 04-10364. (5th Cir. Oct 24, 2005).

Under Rule 8 of the Federal Rules of Criminal Procedure two or more offenses may be charged in the same indictment or information if the charges are of the same or similar character, are based upon the same act or transaction, or on two or more acts connected together or constituting parts of a common scheme or plan.

It is the government's burden to show that the initial joinder is proper under Rule 8. *United States v. Davis,* supra. But the question of whether the initial joinder is proper under Rule 8 is to be determined before trial by an examination by the trial court of the allegations stated on the face

of the indictment. *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990). *United States v. Morales*, 868 F.2d 1562 (11th Cir. 1989). Court has repeatedly said that whether joinder is proper under Rule 8 is to be determined by examining the allegations in the indictment alone. See, e.g., United States v. Morales, 868 F.2d 1562, 1567- 68 (11th Cir. 1989).

Going to the indictment, the government has clearly failed to meet this burden. Mr. McCabe is charged with Seaman's Manslaughter and a totally separate financial fraud crime with totally separate and individual victims. These offenses are not of the same or similar character. They are not based upon the same acts or transactions, nor common scheme or plan. Clearly, under Rule 8, joinder would be highly prejudicial and erroneous. While courts have some flexibility in the interpretation of "transaction," there is a limit. "[I]t is the 'logical relationship' between the acts alleged, coupled with 'a large area of overlapping proof,' that allows them to be seen as 'the same act or transaction.' *U.S. v. Salyer*, No. CR S-10-061 LKK, 2011 WL 6153204, at *4 (E.D. Cal. Dec. 12, 2011).

None of these claims arose out of and were connected to the same general fraudulent scheme. There is no "explicit connection between the groups of charges," that there exists no need to look outside "the four corners of the indictment." *United States v. Annamalai*, 939 F.3d 1216 (11th Cir. 2019) *United States v. Souffrant*, D. C. Docket No. 1:09-cr-20407-PCH-1, D. C. Docket No. 1:09-cr-20407-PCH-2, No. 10-11579 (11th Cir. Apr 23, 2013).

Count 1 of the Indictment, in its entirety, alleges how Mr. McCabe, on or about March 20th 2020, by his misconduct, negligence, and inattention to his duties as the owner and charterer of the vessel M/V SOUTHERN COMFORT, by his fraud, neglect, connivance, misconduct, and violation of law on said vessel, caused the life of M.C.G.F. to be destroyed, in violation of Title 18, United States Code, Section 1115.

Meanwhile, in Count 2 of the Indictment, the Government charges Mr. McCabe with knowingly and willfully making false, fictitious, and fraudulent statements regarding a material fact. Specifically, on or about March 5, 2020, the Government alleges that the defendant falsely represented to an employee of the Department of Homeland Security, United States Coast Guard, that he would use his vessel solely for recreational purposes, in violation of Title 18, United States Code, Section 1001(a)(2).

Counts 3-5 assert that Mr. McCabe knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343. The Indictment further alleges that the aim of this scheme was for the defendant to unlawfully enrich himself by: (a) submitting fraudulent loan applications for assistance through the SBA, intended to mitigate the economic impact of the COVID-19 pandemic, including PPP loans; (b) diverting the proceeds from the fraud for personal use to sustain the scheme; and (c) making false statements on PPP loan forgiveness applications to ensure that Mr. McCabe's loans would be forgiven.

However, the indictment fails to clearly sets forth an alleged common scheme that connects the Defendant's negligence, which the Government claims directly led to M.C.G.F.'s death on March 29, 2020, with the alleged false statement made by Mr. McCabe on March 5, 2020 in which he claimed he would use his vessel solely for recreational purposes. Additionally, the Indictment fails to connect this with the wire fraud charges against Mr. McCabe, which include: (a) submitting

fraudulent loan applications for assistance through the SBA, intended to alleviate the economic effects of the COVID-19 pandemic, including PPP loans; (b) misappropriating the proceeds from the fraud for personal use to sustain the scheme; and (c) providing false information on PPP loan forgiveness applications to ensure that Mr. McCabe's loans would be forgiven. In the Indictment, on its face, the government illogically intertwines the Manslaughter Count with the Fraud Counts.

Courts determine whether joinder is proper by looking at "the allegations stated on the face of the indictment," United States v. Weaver , 905 F.2d 1466, 1476 (11th Cir. 1990).

The government seems to believe and have incorrectly argued in their response to the Defendant's Motion to Sever that that All Five Counts are Part of a Common Scheme or Plan Under Rule 8(a). That belief, however, is based on a misunderstanding of the law.

First, Rule 8 joinder is improper here because the five counts are NOT part of "a common scheme or plan." Fed. R. Crim. P. 8(a).  The Seaman's Manslaughter charge alleged in Count 1 had nothing to do with the False Statement charge alleged in Count 2 or the wire fraud charges alleged in Counts 3-5.

The criminal act alleged in Count 1 and 2 are not "part and parcel" of the fraudulent scheme, in particular its wire fraud aspect alleged in Counts 3-5. Federal Rules of Criminal Procedure 8(a) and 14(a) permits the joinder of offenses where they "are of the same or similar character . . . , or are connected with or constitute parts of a common scheme or plan." *Fed. R. Civ. P. 8(a).* Courts have undertaken a two-step analysis to determine whether separate charges are properly tried together, looking to the face of the indictment.

To sustain a conviction for wire fraud, the government must prove that: "(1) a scheme to defraud exists, (2) the defendant used wire communications in interstate or foreign commerce to further that scheme, and (3) the defendant had specific intent to defraud." *United States v. Davis*,

53 F.4th 833, 842 (5th Cir. 2016) "A defendant 'acts with the intent to defraud when he acts knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself.'" *United States v. Swenson*, 25 F.4th 309, 318-19 (5th Cir. 2022).

Counts 3-5 allege that Mr. McCabe defrauded the United States by (a) submitting fraudulent loan applications for assistance through the Small Business Administration (SBA) intended to mitigate the economic impact of the COVID-19 pandemic, including Paycheck Protection Program (PPP) loans; (b) misappropriating the proceeds from this fraud for personal gain to perpetuate the scheme; and (c) providing false information on PPP loan forgiveness applications to ensure that his loans would be forgiven.

Importantly, these counts do not allege any fraud, misconduct, or negligence that resulted in the death of M.C.G.F., (Count 1) nor do they reference any false statements made to the United States Coast Guard or any other agency (Count 2). The allegations in Counts 3-5 center solely on the claim that it is fraudulent for individuals to attempt to improperly obtain and utilize PPP loan assistance. Thus, any alleged false statements made by Mr. McCabe in regarding the intended use of his vessel, as well as any alleged negligent actions that occurred on the Vessel on March 29, 2021 are irrelevant to the Wire Fraud counts.

Looking solely to the four corners of the indictment, there is no explicit connection between the groups of charges. Seaman's Manslaughter, False Statements, and Wire fraud charges are not of the "same or similar character." Nor do the charged offenses appear to be "based on the same act or transaction." The counts containing the Seaman's Manslaughter and False Statement charges make no reference to the counts containing the wire fraud charges. Rule 14(a) of the Federal Rules of Criminal Procedure allows a Court to mandate separate trials of counts if joinder appears to

prejudice either the defendant or the government. "Even if joinder is proper . . . the court still has discretion to sever under Rule 14." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). There is a presumption against severance, but that presumption is overcome here.

## CONCLUSION

The Seaman's Manslaughter charge against the Defendant is uniquely inflammatory and prejudicial which, in turn, makes Mr. McCabes Motion to Sever unique. The kind of evidence the jury may deal with in the manslaughter-related charges would unfairly warp the way the jury would assess the wire fraud and false statement charges. The jury would need to view the charges and elements independently, which would be extraordinarily difficult, if not impossible, for a juror in this case. Further, the three types of charges are not of the same or similar character – they are not the same type of offense, and most evidence does not overlap. See United States v. Boyd, 180 F.3d 967, 981 (8th Cir. 1999).

Respectfully submitted,

                                                            TERRENCE O'SULLIVAN
                                                            3810 Murrell Road #340
                                                            Rockledge, Florida 32955
                                                            321-422-2882 (office)
                                                            321-848-2144

                                                            CALISHA A. FRANCIS
                                                            3920 Woodside Drive #10
                                                            Coral Springs, Florida 33065

954-612-6126

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to Zachary A. Keller, AUSA, and all other parties of record, on this 16th Day of January, 2025.

Respectfully submitted,
**TERRENCE O'SULLIVAN**
3810 Murrell Road #340
Rockledge, Florida 32955
321-422-2882 (office)
321-848-2144

/s/ *Terrence J. O'Sullivan, Esq.*
**TERRENCE J. O'SULLIVAN**
Attorney for the defendant
Florida Bar Number: 0644031
Terrence@TerrenceOSullivanLaw.com

**CALISHA A. FRANCIS**
3920 Woodside Drive #10
Coral Springs, Florida 33065
954-612-6126

/s/ *Calisha A. Francis, Esq.*
**CALISHA A. FRANCIS**
Attorney for the Defendant
Florida Bar Number: 96348
cthomlaw@aol.com