UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80103-CR-CANNON

UNITED STATES OF AMERICA

v.

DUSTIN SEAN McCABE,

    **Defendant.**
_____/

**JOINT PROPOSED JURY INSTRUCTION AND SPECIAL VERDICT FORM**
**AS TO SEAMAN'S MANSLAUGHTER**

The United States of America and Defendant Dustin Sean McCabe, by and through their undersigned counsel (collectively, the "Parties"), respectfully submit this Joint Proposed Jury Instruction and Special Verdict Form as to Seaman's Manslaughter. This joint proposal supersedes the proposals the Parties submitted at Docket Entries 54 and 70.

**PROPOSED JURY INSTRUCTION: SEAMAN'S MANSLAUGHTER**

**Seaman's Manslaughter**
**18 U.S.C. § 1115**

Count One charges the Defendant with seaman's manslaughter. It's a Federal crime for a captain, engineer, pilot, or other person employed on a vessel to engage in misconduct, negligence, or inattention to his duties that proximately causes the loss of a life, or for an owner or charterer of a vessel to engage in fraud, neglect, connivance, misconduct, or violation of law that proximately causes the loss of a life.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant was an owner, charterer, captain, engineer, pilot, or other person employed on the M/V SOUTHERN COMFORT;

> (2) A person lost his or her life; and
>
> (3) The Defendant was a captain, engineer, pilot, or other person employed on the vessel, and a loss of life was proximately caused by the Defendant's misconduct, negligence, or inattention to his duties on the vessel;
>
> *or*
>
> The Defendant was an owner or charterer of the vessel, and a loss of life was proximately caused by the Defendant's fraud, neglect, connivance, misconduct, or violation of law as the owner or charterer of the vessel.[1]

"Negligence" is a breach of duty, which means an omission to perform some duty, or a violation of some rule or standard of care, which is made to govern and control one in the discharge of some duty.

Negligent conduct "proximately causes" a loss of life if the loss of life resulted from the negligence and it was reasonably foreseeable that the negligent conduct was or could be a threat to the lives of others.

As you will see in the Verdict Form, when evaluating the third element, you must decide each of the two subparts separately. First, if you unanimously decide that the Defendant was a captain, engineer, pilot, or other person employed on the vessel, then you must decide whether a loss of life was proximately caused by the Defendant's misconduct, negligence, or inattention to his duties on the vessel. Second, if you unanimously decide that the Defendant was an owner or charterer of the vessel, then you must decide whether a loss of life was proximately caused by the Defendant's fraud, neglect, connivance, misconduct, or violation of law as the owner or

---

[1] While the Government's prior submission had "if a person lost his or her life" and "upon which he was employed" in its third element based on the *O'Keefe* jury instruction, the proposal here eliminates that language as surplusage because the first element already specifies that the person was employed on the vessel and the second element already specifies that the jury must unanimously find that a person lost his or her life. This edit is an effort to streamline and simplify the third element.

charterer of the vessel.

### PROPOSED VERDICT FORM AS TO SEAMAN'S MANSLAUGHTER

We, the Jury, as to **Count 1** of the Indictment, unanimously find as to the Defendant **DUSTIN SEAN McCABE**:

a. That the Defendant was a captain, engineer, pilot, or other person employed on the vessel and that a loss of life was proximately caused by the Defendant's misconduct, negligence, or inattention to his duties on the vessel.

GUILTY \_\_\_\_\_     NOT GUILTY \_\_\_\_\_

b. That the Defendant was an owner or charterer of the vessel and that a loss of life was proximately caused by the Defendant's fraud, neglect, connivance, misconduct, or violation of law.

GUILTY \_\_\_\_\_     NOT GUILTY \_\_\_\_\_

### CONCLUSION

Based on the authority set forth in the Parties' submissions, *see* DE 29; DE 54 at 22-26, and after conferral and oral argument before the Court, the Parties respectfully request that this Court instruct the jury and use a special verdict form as proposed herein for Count One.

|  |  |
|---|---|
| Dated: March 1, 2025 | Respectfully submitted, |
|  | HAYDEN P. O'BYRNE<br>UNITED STATES ATTORNEY |
| By: / Terrence O'Sullivan<br>TERRENCE O'SULLIVAN<br>Attorney for Defendant<br>Florida Bar No. 0644031<br>3810 Murrell Road #340<br>Rockledge, Florida 32955<br>Tel: (321) 422-2882<br>Terrence@TerrenceOSullivanLaw.com | /s/ *Zachary A. Keller*<br>ZACHARY A. KELLER<br>Assistant United States Attorney<br>U.S. Attorney's Office – SDFL<br>Court ID No. A5502767<br>99 NE 4th Street, 6th Floor<br>Miami, Florida 33132<br>Tel: (305) 961-9196<br>Email: zachary.keller@usdoj.gov |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> /s/ *Zachary A. Keller*
> ZACHARY A. KELLER
> Assistant United States Attorney